IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No. 04-cr-00403-LTB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

2. SERGIO ZAPATA-HERNANDEZ,

       Defendant.

## ORDER

This matter is before me on a second Motion for Reduction of Sentence Under 18 U.S.C. §3582(c)(1)(A) filed *pro se* by Defendant Sergio Zapata-Hernandez. [**Doc #1580**] The Government opposes this request in its response to this motion [Doc #1587], and relies on its prior response to Mr. Zapata-Hernandez's initial motion seeking compassionate release. [Doc #1577] Upon review of the briefing, the applicable law, and the case file, I DENY this motion as follows.

## I. BACKGROUND

Mr. Zapata-Hernandez is serving a sentence of imprisonment after he was convicted by a jury, in September 2006, of: one count Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or More of Cocaine in violation of 21 U.S.C. §846 and §841(a)(1) & (b)(1)(A)(ii)(II): two counts of Unlawful Use of a Communications Facility in violation of 21 U.S.C. §843(b) & (d); and three counts of Distribution and Possession with Intent to Distribute 5 Kilograms or More of

Cocaine and Aiding and Abetting the same in violation of 21 U.S.C. §841(a)(1) & (b)(1)(A)(ii)(II) and 18 U.S.C. §2. [Doc #973] I sentenced Mr. Zapata-Hernandez to total sentence of 274 months of imprisonment. [Doc #1156] His convictions were affirmed by the Tenth Circuit in *United States v. Zapata*, 546 F.3d 1179 (10th Cir. 2008). Mr. Zapata-Hernandez's sentence was subsequently reduced to a total of 262 months on July 16, 2015, following the filing of an unopposed motion for sentence reduction pursuant to 18 U.S.C. §3582(c)(2), and based on the retroactive application of Amendment 782 to the United States Sentencing Guidelines. [Doc #1525] Mr. Zapata-Hernandez's projected release date is February 19, 2024.

## II. APPLICABLE LAW

18 U.S.C. §3582(c)(1)(A) authorizes this Court to reduce a defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C. §]3553(a)," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, conditionally allows prisoners to file their own motions seeking a sentence reduction pursuant to §3582(c)(1)(A). Under First Step Act's modification of the compassionate relief statute, this court applies a three-step test when considering a motion for sentence reduction based on extraordinary and compelling reasons. *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. March 29, 2021)(citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Those steps are: (1) the district court must determine whether extraordinary and compelling reasons

warrant a sentence reduction; (2) the district court must determine whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court must consider any applicable statutory sentencing factors set out in 18 U.S.C. §3553(a) and must determine whether, in its discretion, the reduction authorized by the first two steps is warranted in whole or in part under the particular circumstances of the case. *U.S. v. McGee, supra*, 992 F.3d at 1042. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in §3582(c)(1)(A) is lacking and do not need to address the others . . . but when a district court grants a motion for compassionate release, it must of course address all three steps." *Id.* (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

As the movant, Mr. Zapata-Hernandez bears the burden to establish that a sentence reduction is appropriate and justified. *United States v. Jones,* 836 F.3d 896, 899 (8th Cir. 2016)(indicating that it is "the defendant's burden to establish that he warrants a §3582(c)(2) reduction"). Compassionate release relief is both "rare" and "extraordinary." *United States v. Willis*, 382 F.Supp.3d 1185 (D.N.M. 2019).

### III.  PRIOR RULING

Mr. Zapata-Hernandez previously filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(1)(A), on March 30, 2021, in which he sought compassionate release on the basis that the existence of the COVID-19 pandemic, and its dangerous effects within the confines of correctional institutions, constituted

compelling and extraordinary reason for his release within the meaning of §3582(c)(1)(A)(i). [Doc #1571] On May 27, 2021, I denied his first motion, ruling that he failed to demonstrate extraordinary and compelling reasons warranting a sentence reduction to time served. [Doc #1579] In so doing, I determined that Mr. Zapata-Hernandez failed to demonstrate that he was at an increased risk of contracting COVID-19 or allege other related or unrelated circumstances that would rise to the level of extraordinary and compelling reasons to justify his release. As such, I denied his request for compassionate relief pursuant to §3582(c)(1)(A). [Doc #1579]

After Mr. Zapata-Hernandez filed this subsequent *pro se* motion, counsel was appointed. [Doc #1581] His counsel subsequently requested leave to withdraw because "[a]fter reviewing the motion and history of the case, counsel does not believe that she can add anything to Mr. Zapata-Hernandez's motion," but noted that she did "not intend to communicate the merits of Mr. Zapata-Hernandez's *pro se* petition, or suggest particular adjudication." [Doc #1583] I granted counsel's Motion to Withdraw on January 25, 2022. [Doc #1584]

### III. ANALYSIS

As a threshold matter, as with his initial motion, the Government does not challenge Mr. Zapata-Hernandez's claim that he has properly exhausted his remedies under §3582(c)(1)(A) with the Bureau of Prisons (the "BOP"). [Docs #1577 & #1587] As such, I conclude this Court has jurisdiction to consider his request for

compassionate relief. *See United States v. Keith*, 2019 WL 6617403 (W.D. Okla. Dec. 5, 2019)(unpublished).

In this motion, Mr. Zapata-Hernandez argues that extraordinary and compelling reasons exist to support his request for compassionate relief as follows. First, Mr. Zapata-Hernandez alleges that his aging process "substantially diminishes my ability to provide self-care within the environment of a correctional facility and increases my risk to contracting COVID-19." [Doc #1580 pg. 3] Mr. Zapata-Hernandez has not alleged that he suffers from medical conditions, beyond his "aging process" at 55 years old, that increase his risk of contracting COVID-19, nor does he disclose his vaccination status or the number of infections at his facility. As I ruled on his initial motion, I again find that Mr. Zapata-Hernandez has failed to demonstrate "that he is at an increased risk of contracting COVID-19 beyond the general prison population." [Doc #1571 pg. 5] *See generally United States v. Wilson*, No. 19-20033-JAR, 2021 WL 6049840, at *3 (D. Kan. Dec. 21, 2021)(unpublished) (concluding that the "possibility" of a COVID-19 infection does not amount to extraordinary and compelling reasons for a sentence reduction under §3582(c)(1)(A).

Mr. Zapata-Hernandez also contends that his aunt (Maria Hilda Romero) and uncle (Manuel Segovia) are ailing – in that Ms. Romero suffers from advanced stages of bone deficiencies and Mr. Segovia suffers from physical impairments which impede his physical movement and confines him to a wheelchair – and that he is the only available relative who can aide them by providing end-of-life care.

[Doc #1580 pg. 4] However, even if Mr. Zapata-Hernandez were able to demonstrate that he was the only relative available to provide care for his aunt and uncle, this fact does not rise to the level of an extraordinary and compelling reason to reduce his sentence under §3582(c)(1). *See e.g. United States v. Ruiz*, 2020 WL 3265244 (D.N.M. 2020)(unpublished)(noting there are many "cases that have found that caring for elderly parents is not sufficient to show 'extraordinary and compelling' circumstances").

Lastly, Mr. Zapata-Hernandez asserts that his "remarkable record of rehabilitation adds to the determination" of his eligibility for relief [Doc #1580 pg. 3]. But he provides no evidence or details as to his alleged post-conviction efforts towards rehabilitation such as his disciplinary record, his level of risk assigned by the BOP, or any employment/education opportunities he has taken advantage of while incarcerated.

In conclusion, I reject Mr. Zapata-Hernandez's contention that his "draconian sentence, rehabilitation, exposure to COVID-19, and ailing Aunt (Maria Hilda Romero) and Uncle (Manuel Segovia) together should constitute extraordinary and compelling reason for reduction in sentence or possible release." [Doc #1580 pg. 4] As a result, because he has not met his burden to show extraordinary and compelling reasons for a reduction in sentence, I again deny his request for compassionate relief pursuant to 18 U.S.C. §3582(c)(1)(A).

ACCORDINGLY, I DENY the Motion for Reduction of Sentence Under 18 U.S.C. §3582(c)(1)(A) filed by Defendant Sergio Zapata-Hernandez based on a failure to demonstrate extraordinary and compelling reasons. [**Doc #1580**]


Dated: March 9, 2022 in Denver, Colorado.


BY THE COURT:

s/Lewis T. Babcock

LEWIS T. BABCOCK, JUDGE